Our next case is number 2011-3129 NORRIS v. SEC Thank you very much. Okay, Mr. Cater, am I pronouncing that correctly? Yes, thank you, Your Honor. I may please the Court. In Ward, this Court held that an agency cannot, consistent with the principles of due process, rely on evidence and aggravation of a penalty that was not disclosed in the notice of proposed adverse action. Can I ask you just to back up a moment and tell me a little bit about who the deciding official is characteristically in these cases? My understanding is that it's usually a supervisor, a second-level supervisor. It's not someone who's unfamiliar with the individual, right? I believe the deciding official was the regional director of the forward office. No, I don't mean in this case, but I mean generally in these cases. Generally it is, that is correct. It's not somebody who's isolated from the facts of the case or who's not familiar with the individual involved, correct? That is correct, Your Honor. So your argument is that the notice of proposed removal didn't mention these things that were brought out during the examination before the arbitrator, right? Well, let me just back up and answer the question a little bit differently. In some agencies, the deciding official is completely isolated. So in some cases they're isolated, in other cases they're not. In this case, the deciding official was not someone unfamiliar with the employee. So there's no requirement in the regulations or whatever to have an isolated person? There's no requirement, Your Honor, and there's no requirement that they say, well, I know this person, I've worked with this person, and yeah, I can see that, I can understand that. This is different. This is much more like what we had in Ward where three managers are coming to this person and saying, you know, he did this three other times. Yeah, this is a bad person. You know, he was belligerent here, he was disruptive there. And so this is not simply relying on information that happens to be in someone's head because they happen to know the person. This is a very specific piece of information which was brought to the deciding official's attention, which was considered by the deciding official, but no notice was ever given. But not, if I understand correctly, not at the time that after the notice of proposed removal was issued. This information came to the deciding official at an earlier time, correct? Presumably it came earlier. That's correct, Your Honor. I think when the court in Ward talked about new and material, what makes it new and material is not temporal. What makes it new is that the plaintiff, the employee, hasn't had an opportunity to respond to it. That's what makes it new. It wasn't in the notice, you mean? It was not in the notice. But what is the evidence that the deciding official relied on this other evidence in deciding to do a removal? Two things, Your Honor. First of all, it was elicited by agency counsel from the deciding official. We cite at, I believe it's the very end of the joint appendix, the testimony on page 2304. The agency counsel is eliciting this testimony about this prior misconduct from the deciding official. After objection from plaintiff's counsel saying, wait a minute, this isn't in the notice. What are you talking about? Why is this relevant? And the plaintiff, of course, having denied that any of this ever happened. So at page 2306 on line 19, okay, counsel says. I'm sorry, which way are we here? I'm sorry. I'm sorry. It's my odds. Okay. 2314. I'm terribly sorry. 2314 on line 19. Okay. Okay. Now with that bar, the bar to appearing before the commissioners, is that something that you would want to see in a trial attorney? Deciding official answers, well, I think it has a direct impact on how that attorney is able to perform his duties. So the deciding official testified. I'm sorry, which page of the appendix? 2314, Your Honor. Wait a minute. Almost the very last page, second to last page. Second to last page, okay. On line 19. Okay. And then the arbitrator, in his decision, and this is 52 of the addendum, says, talking about really the most critical factor of all the numbers. This testimony doesn't say that I relied on this in making the decision to remove him. No. What she says is, how would this impact your determination of the penalty? Okay, so we're talking about the penalty, and the Douglas factor is the ability to do your work. And she says, this would impact my consideration of how this person could do his work. Remember, Judge, this man's job is to present cases to the commission. I'm sorry, and I may be missing something here. Where does she say that I took this into account in making the penalty determination? Line 22. I think it has a direct impact on how this attorney is able to perform his duties. Well, but that's not the same thing as saying I took it into account in making the penalty determination. I think it's, to the extent that there's any ambiguity, I think it's resolved by the arbitrator. I mean, the arbitrator had no difficulty understanding, why are they bringing this testimony in? Why are they asking, gee, can he do his job? Where does the arbitrator say that she took it into account? Page 52, Your Honor, of the addendum. So this is to the blue brief. 152 of the blue brief, the addendum. Where does he say that? Okay, in the middle of the full paragraph. The sentence, grievance, aggressive approach and attitude, goes on. As evidenced by the email, blah, blah, blah, had resulted in a complaint and had resulted in an order by the commissioner, by the commission, that grievance would not be allowed to orally present case summaries to the commission. Yeah, but that, again, isn't saying that she took it into account in making the penalty determination. His job, as he very explicitly said, which is another issue that we talk about later, is to evaluate the penalty that the agency has imposed and to make a determination. Is it reasonable? That's all he's doing. What's he talking about if he's not talking about what the agency has considered in leveling this penalty? And his determination is, gee, they've introduced this evidence. He was barred from presenting cases to the commission. And that's part of his job. And I can't have a lawyer that can't present cases to the commission. And the arbitrator understood that testimony to be, this is one of the reasons why the penalty was imposed. Because that's all he's talking about here. And I submit to your honor, there's no question that that finding by the arbitrator, right there, is supported by substantial evidence. Now they can say, oh no, we didn't mean it, we didn't introduce it for that purpose. I don't know what other purpose they could possibly have sought to introduce it for, sitting here looking at it now. But that's how the arbitrator read it. And so that's why we submit, your honor, that this is the same case as Ward. Okay, well why don't we shift to the... Our second argument, your honor, is that, and also I think this is a case of first impression for this court. It is not a question of first impression for the board. The second argument is that the arbitrator very explicitly ruled that he would not consider evidence of post-removal medical evidence of the condition, improvement in Mr. Norris's condition. I will not. And for 30 years, the board has said, no, you can consider post-removal medical evidence. What if the medical evidence existed at the time of the removal decision, but just hadn't been presented to the deciding official? Would you be arguing that that had to be considered? Obviously, that's not this case. I would say that there's no reason why it couldn't be, doctrinally. I mean, I guess you could argue, well, why didn't you present it? And it would be an unusual circumstance where you wouldn't present it, you're going to want to make your best case. But you can hold back and not present it and then take it before the board? Is that theoretically possible? I guess it is. I can't imagine why anyone would ever want to do that. But the deciding official did know about some of this, right? I mean, she knew that he'd had a diagnosis. She knew that he was committing to taking medication finally. Why wasn't that enough? Why do you need the rest of his mitigating evidence? Well, obviously, it wasn't enough for this deciding official, and that's part of my third. I mean, enough to get him a different result, but enough for purposes of satisfying the obligation to consider. Because in the cases that the board had, there was the one case where the person gets on a new medication after he's been removed. And the board says, so that's critical information. They mitigate it. They said, this person gets his job back because now he's on new medication that doesn't cause him to be sleepy. And so he can do his job. As we've said in chambers and other cases, the deciding official has discretion as to the penalty. And if there is some new evidence, why is it the task of the board to evaluate that new evidence as opposed to asking the question of whether that new evidence would have made a difference to the deciding official? I guess, Your Honor, that really is the same question that we have in the penalty cases where an allegation is not sustained. It's the same analysis. Okay, here we have a new piece of evidence. Charge 2 was not sustained. Now we have to do an evaluation of the reasonableness of the penalty without substituting our judgment, yet considering facts that the deciding official couldn't have known. Don't you have to ask the first question, would this evidence have made a difference to the deciding official? Well, I think that the question is not a harmful error standard, as the board says it. It's a harmless error adjudicative question. Would it substantially prejudice the rights of Mr. Norris not to be able to present this evidence? I was just going to say this whole area is a difficult area. It is difficult, sure. What the role of the deciding official is, what the role of the board is. What I'm trying to get you to address is when there's new evidence that you say is relevant that wasn't presented to the deciding official, wasn't available to the deciding official, what's the question that the board is supposed to decide? Is the board supposed to decide, would this have made a difference to the deciding official? Is the board to decide, does that render the deciding official's decision unreasonable? How is this supposed to work? My response, Your Honor, is it's the same question that the board answers when it considers an allegation that has not been sustained, which is, based on this new evidence, is it still within the range of reasonableness? In that context, we first ask whether it would have changed the result or might have changed the result, right? Well, certainly it would have changed the arbitrator's result. No, not the arbitrator's result, the deciding official's result. Obviously, we can't know that. And even in Ward, I believe it was Ward, they said, oh, it wouldn't have made any difference. It wouldn't have changed my mind if I hadn't relied on this. And the court said, that doesn't answer the question. So it's not simply a question of trying to recreate what the deciding official would have thought. Here we have an adjudication where new evidence arises and the board has said, we can consider this new evidence. We've been doing it for 30 years. But you're not suggesting, are you, that the board then de novo decides what it thinks the penalty should be? Of course not. Of course not. What does the board decide? The board decides exactly what it has decided in La Chance, where they do an evaluation under the structure that this court has provided them of determining the reasonableness of the penalty in light of the new evidence. It doesn't substitute its judgment. It says, well, in considering this additional new evidence, is the penalty that they've imposed still within the maximum range of penalties that possibly could be provided? That's, I think, in a nutshell, what the standard is. So are you essentially saying that they say, we're going to consider the hypothetical decision-maker to have knowledge of all of these facts and circumstances and then say, knowing all those facts and circumstances, would it be an abuse of discretion to enter this penalty? I think that that's essentially what this court has said the board must do, is to evaluate this and say, does this fit? Is it now within the maximum range? Mind you, the arbitrator makes it clear in his decision he was extremely, extremely torn. The equities in this case were overwhelming. And he was torn. Both ways. Yeah, well, that's why you're right there on the fence. And it wouldn't have taken much to push him over the other way. So would this have made a difference? Absolutely. There's no question on this record. And that's why we submit that, if nothing else, it should be remanded so that the arbitrator could consider this evidence because there's actually no statutory basis to exclude it. There's no doctrinal basis to exclude it. The board has been doing it for 30 years. So it's the first suppression for this court, but it's not for the board. And since the arbitrator must apply the board's law, we submit we must remand it and allow the board to do that. Thank you, Mr. Taylor. We'll give you three minutes for rebuttal. Thank you, Your Honor. Ms. Haugen. Spending a lot of time here this week, huh? Yes, Your Honor. Good morning, Your Honors. May it please the Court. The arbitrator's decision should be affirmed. With respect to the due process ward argument, there's simply no evidence that the deciding official took this incident into account in assessing the penalty. She testified that she relied only upon the evidence presented in the proposal and the evidence presented by Mr. North twice at the arbitration. She testified to that. What page are you at? The specific testimony is at J1225 and 2288-91. What's the individual page? So it's page 225 of the actual transcript. And what line? I'm sorry, I may have written down the wrong page. Well, let me turn to 2288, and it's about three pages, 2288-2291. And so the direct examination is, you know, what did you have before you when you were making your decision? Top of page 289. I had a number of materials before me, you know, the materials that were presented by Mr. Norris. What else did you rely upon? I reviewed the recommendation memo that was drafted, and all of the exhibits were attached to that. There's no question that what was presented to Mr. Norris with the proposed removal did not include any mention of this incident before the commission. So there's just simply no evidence that that incident was taken into account. So I thought your initial statement was it's clear that she says she didn't rely on it, but now you're pointing us to stuff where she talks about the things she did rely on, but she doesn't sort of say, I didn't rely on this. I was aware of it, but I didn't rely on it? No, there's no testimony where she says, I was aware of it, but I didn't rely on it. We have a testimony that says, this is what I relied upon, and given that testimony, there's a reasonable inference that she did not rely upon what she said, anything else. The testimony regarding this incident was presented as part of a rebuttal testimony to rebut certain factual statements that Mr. Norris had made. So it was presented for that purpose and not for any other purpose. And again, there's no evidence that this was taken into account or that this was communicated to the deciding official at the time she was reaching her decision. It was certainly something she was aware of as the second-line official, and she testified that she was aware of it, but that testimony alone doesn't get you a due process there. I'll swing over to the evidence, so if you want more on this, please go ahead. Just one more on this. With respect to the Douglas factors, though, and his ability to do his job, the arbitrator does specifically mention this conduct or this incident, which Mr. Norris denied, in connection with his litany of things that helped support the penalty. That's certainly true, Your Honor. The arbitrator does mention that. Do you agree that he shouldn't have relied on that? He probably should not have mentioned it in that particular Douglas factor analysis, but the fact that he mentioned it alone, one, is not a due process error because due process is directed towards what the agency did, but two, at worst, it's a harmless error, and I think if the court looks at the totality of the Douglas factor analysis, first, with respect to what that piece of evidence was, the arbitrator looked at that and said that may have affected his ability to do his job, how well he was doing his job. He said that was a neutral factor. In consideration of another Douglas factor, his job performance, he actually found that to be a factor in favor of Mr. Norris, and most critically, against the other factors that were being considered, the clarity with which he was on notice of what he was doing was improper, his prior discipline, the high level of independent judgment and discretion expected of a senior trial attorney, I think it would be very difficult to say that that one sentence standing alone would have changed the arbitrator's decision and found that what the deciding official did was outside the bounds of reasonableness. Don't you have a sense reading this arbitrator's decision, which I think is incredibly thorough and well done, but don't you have the sense that this arbitrator was very conflicted and found the decision on the penalty a very difficult one to reach? I think there's no question that the arbitrator found it was a difficult... Well, so if it's difficult because it's a closed question, why wouldn't his listing of something that led one way or the other that turns out to be improper he shouldn't have considered or his failure to consider something he should have, why can we jump to the conclusion that's necessarily harmless error, given that it seems very clear to me this arbitrator had a difficult time coming to a conclusion on this issue. I think the arbitrator, although the arbitrator certainly was conflicted and had a great amount of sympathy for Mr. Norris, the arbitrator properly set out his role as deciding whether what the deciding official did was within the bounds of reasonableness. Was it outside the bounds of reasonableness? And based upon the evidence that was presented, he could not reach a conclusion that what the deciding official did was grossly disproportionate to the offense. What about the new evidence about rehabilitation? What case says that it's improper for the arbitrator to consider that? And didn't the arbitrator make a mistake in saying I can't consider that? The arbitrator did not make a mistake in saying that the arbitrator could not consider that. I am not aware of a single case before this court. Actually, I am. Let me help you out. Brooke v. Corrado. It's unfortunate that your opposing counsel didn't find it because it helped him quite a bit, and the way he would have found it, which is the way we found it, was looking at 5 U.S.C. section 7121, which is the statute that says arbitrators use the same standards as the board members. And then when you turn to the notes in that section, one of the notes talks about how arbitrators must conduct de novo proceedings, and it's like this case written by Judge Rader. Let me now quote to you what this case says. Under 5 U.S.C. 7121E1, arbitrators must apply the same substantive standards that the MSPB would apply if the matter had been appealed to it, which is a series of cites. The MSPB reviews de novo the merits of an agency's decision to take adverse action against an employee, a series of cites. An arbitrator must do the same. Because it is a de novo proceeding, all evidence obtained up to the time of the hearing is admissible. Wow. Really, really broad language. The only hearing they're talking about is the one before the MSPB or the arbitrator, and the Federal Circuit has said expressly all evidence obtained up to the time of hearing is admissible. Even if I wanted to, I feel like I'm awfully bound by that. I feel you're at a bit of a disadvantage not having read the case. But if the case says what I quoted to you, can you think of any reason or any basis upon which I could conclude the arbitrator's decision that the evidence was inadmissible was correct? Well, let me try, Your Honor. Certainly, we're not disputing that the arbitrator or the board can consider new evidence presented with respect to the charge conduct or with respect to the nexus. I think it's pretty clear from the history of these types of cases that that's the case. Yeah, and to be fair about this case, that that wasn't a major issue in the case, that it had to do with the nexus. But there is also a statement in the case that pertinent to the removal. The problem that existed there was that it was evidence that became available after the notice but before the decision on the fact of the case, it wasn't something, it didn't directly involve the question of evidence that came up after the decision. So, and there is language where it says, dealing with the penalty phase, where it says, in any event, the evidence was relevant to the removal decision and was not barred from consideration by reason of having been obtained after the notice, in other words, between the notice and the decision. So, while the general language there seems to support the notion that everything should come in before the board, you know, you can argue about what it meant in the context of that particular case. It's sort of hard for you to discuss it not having read the decision. But why shouldn't, why shouldn't the arbitrator be at least allowed to consider later evidence? Because it would usurp the role that Congress has entrusted to the agency, discretionary role that the agency has in determining the penalty. If the party... Judge Moore just read you the statute that said it's a de novo review. It is a de novo review, but I think if you look at what Douglas says and if you look at the role of the agency and what this court has recognized as peculiarly the agency's role in discretionary role in deciding the penalty, that more arbitrary and capricious standard that's applied to the penalty would be eviscerated essentially if six months, a year, two years later either the agency or the employee was allowed to come back and say, well look how things have changed since I've been removed. Now, the decision that the deciding official made two years ago based upon the evidence that the deciding official had two years ago is no longer valid. Let's take an example. Suppose that the deciding official says this person has no chance of being rehabilitated because this is the third instance in which this has happened and lists two prior instances. When the case comes before the board, there's substantial evidence that the two prior instances did not take place and that the deciding official made a mistake. Can the board consider that evidence which was not before the deciding official? Surely the board can consider that, right? Absolutely, Your Honor. In fact, I believe that's what happened in the Bond case that Mr. Norris, the counsel, cites. The factual basis upon which the deciding official, the deciding official said, for example in Bond, you've only been here for two years, you've been here for nine years, you should have known better when in fact he was only there for two years. You know, the employee certainly can introduce evidence to contradict the factual basis upon which the deciding official made their decision at the time the decision was made. There's no evidence that the facts upon which the deciding official  were incorrect. What Mr. Norris wants to do is come back six months later and say things have changed, since you made your decision, now your decision is no longer reasonable. There's no way you can go back to the deciding official and say, here's something new. I mean, suppose in a hypothetical case we had something which was clearly relevant, that there was some, there was no taking of medication before, after the decision, the employee starts taking medication, completely changes, the personality solves the problem, okay? You're saying there's no way to go back to the deciding official with that new evidence, and there's no way to introduce that evidence before the board, right? I think that's correct, Your Honor, and part of the reason that I say that is that there has to be some finality, and what we're doing when we're looking at the agency's decision is looking at a snapshot in time, given what the deciding official knew, all the evidence that was presented by the agency, all the evidence that was presented by the employee, was the deciding official's decision within the bounds of reasonable, or was it grossly disproportionate? Why isn't the finality point the point that Congress dictated when it said there was de novo review, so why isn't the finality point the point after which, or at which the board decides the issue, or the point at which the arbitrator decides the issue? Well, again, I think it's because the penalty is reviewed differently, it's reviewed under a much more deferential standard. I don't disagree with that, but that still doesn't define what information is considered when applying that standard. Again, I think if what we're doing is reviewing what the agency  then you can't come back a year later and put in evidence that wasn't before the agency to attack the reasonableness of the agency's decision to remove him reasonable. The agency's decision to remove him     has to consider is potential for rehabilitation and the potential for the agency to remove him reasonable and the agency       reasonable. I'm not going to spare your honor. The objection was gobbledygook. Perhaps if the agency had said I'm trying to present this evidence because it bears on your potential and counsel objected to the introduction of that evidence. Perhaps then they could say you can't say one thing today and another thing tomorrow. That's not what happened. They were trying to introduce he's hanging out in the lobby of a public building where he's trying to get a job and they're trying to get a job. That has nothing to do with anything. It was never articulated what it was they were trying to bring it in for. You've engaged in additional misconduct and you're a bad boy and you can't be employed here. That has due process implications too. When has he been given notice of that? No, I don't think we have that situation here. It doesn't have due process concerns. It's going to rehabilitative potential. I think you're honored that that wasn't what happened here. There was no articulation that that's what they were trying to do. I don't think they can build a judicial case out of that exchange. The second point that I'd like to make goes to Bond. The arbitrator was very much on the fence and he made a couple of very significant errors. One of them has to do with Bond. Bond says if the prior misconduct arises out of the same medical condition, then it's inappropriate to consider it as an aggravating factor. And that's exactly what we had here. The second thing that the arbitrator did time and time again, the board has said, if you can show that your misconduct arises out of a medical condition, then that is entitled to considerable weight in mitigation. The arbitrator didn't do that. We were sitting here, as you pointed out, your honor, on the precipice. Which way is it going to go? And the slightest error would have pushed the arbitrator over. And I think that the government concedes that that error was made.  to say, usually when a judge, arbitrator, they evoke biblical references, it's hyperbolic. In this case, I don't know that it was. Job lost his family. Jeff had to watch his family suffer before his eyes. Jeff has gotten his life back. I appreciate your attention. Thank you very much. Thank you, Mr. Kater. We thank both counsel and the case is submitted. ?? ?? ?? ??